Joel C. HERTSCHE, Jr., Executor of the Estate of Joel C. Hertsche, Deceased, and Joel C. Hertsche, Jr., Transferee of the Assets of the Estate of Joel C. Hertsche, Deceased, Appellants,

v.

**UNITED STATES of America,**
**Appellee.**

No. 20554.

United States Court of Appeals
Ninth Circuit.

Sept. 14, 1966.

———◇———

Joyle C. Dahl, Walden Stout, Donald J. Georgeson, Duffy, Stout & Georgeson, Thomas G. Greene, Portland, Or., for appellants.

Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Mark S. Rothman, Attys., Dept. of Justice, Washington, D. C., Sidney I. Lezak, U. S. Atty., Portland, Or., for appellee.

Before MERRILL, BROWNING, and ELY, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of dismissal in an action brought against the United States for the refund of federal estate taxes. The sole issue is whether section 2032 of the Internal Revenue Code of 1954 [1] requires, as appellants contend, that, in the case of election to apply the statute's alternative valuation date provision and distribution to legatees within one year after the decedent's death, the date of actual, physical distribution must be taken as the only authorized and permissible valuation date.

The taxpayer insists that the regulations which specify times when property may be considered as "distributed" are invalid, inasmuch as they provide for two possible dates of distribution other than the date of actual distribution. Treas. Reg. § 20.2032-1. Judge Kilkenny, in an opinion reported at 244 F.Supp. 347 (D.Or.1965), concluded otherwise, holding that the property here involved was properly treated as having been distributed on the date of the Oregon probate court's entry of its order or decree of distribution even though actual distribution occurred at a later time. We agree with the decision of the District Court.

Affirmed.

1. The statute provides in pertinent part:
   "(a) General.
   The value of the gross estate may be determined, if the executor so elects, by valuing all the property included in the gross estate as follows:
   (1) In the case of property distributed, sold, exchanged, or otherwise disposed of, within 1 year after the decedent's death such property shall be valued as of the date of distribution, sale, exchange, or other disposition.
   (2) In the case of property not distributed, sold, exchanged, or otherwise disposed of, within 1 year after the decedent's death such property shall be valued as of the date 1 year after the decedent's death." 26 U.S.C. § 2032.